NOT FOR PUBLICATION

RECEIVED

MAR 1 2 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Monica E. BIFALCO

        Plaintiff,

v.

FREEHOLD GRAND BUFFET,

        Defendant.

Civ. No. 11-6812

OPINION and ORDER

THOMPSON, U.S.D.J.

    This matter has come before the Court on Plaintiff Monica Bifalco's application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915 [docket # 1-1] and application for pro bono counsel [1-2]. Based on Plaintiff's affidavit of poverty, the Court finds that Plaintiff qualifies to proceed *in forma pauperis*. However, Plaintiff will not be appointed counsel.

    Neither the Supreme Court of the United States nor the United States Court of Appeals for the Third Circuit has found a constitutional right to counsel for litigants in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). District courts are vested with broad discretionary authority to determine whether counsel should be appointed to represent such a civil pro se plaintiff. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

    The Third Circuit, however, has indicated that courts should be careful in appointing *pro bono* counsel because "volunteer lawyer time is a precious commodity [that] should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. A court should only consider appointing counsel if the plaintiff has not alleged a frivolous or malicious claim. *Id.* at 457. Therefore, as a threshold matter, this Court must first consider the merits of a plaintiff's allegations. *See Tabron*, 6 F.3d at 155 ("Before the court is justified in exercising its discretion in favor of

1

appointment, it must first appear that the claim has some merit in fact and law.") (citation omitted).

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, for employment discrimination. Plaintiff alleges she was discriminated against in seeking employment at Freehold Grand Buffet where she allegedly was told that "they only hire Chinese People." (Pl.'s Ex. 1). Plaintiff additionally notes in her application for pro bono counsel that she was informed by the EEOC that they could not represent her because the employer had less than 15 employees.

Title VII applies only to employers with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e. Although the Supreme Court of the United States has held that "[n]othing in the text of Title VII indicates that Congress intended courts, on their own motion, to assure that the employee-numerosity requirement is met," *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006), the Court has significant reservations as to whether Plaintiff will be able to satisfy the employee-numerosity requirement in order to prevail in federal court. The Court, therefore, declines to appoint pro bono counsel, and further notes that Plaintiff may wish to explore her available state remedies. For the reasons stated above,

IT IS on this ____ day of March, 2012,

ORDERED that Plaintiff's application to proceed *in forma pauperis* [docket # 1-1] is GRANTED; and it is

ORDERED that Plaintiff's request to be appointed pro bono counsel is DENIED [1-2]; and it is further

ORDERED that Plaintiff shall, within thirty days, inform the Clerk of the Court by letter of the location where Defendant may be served with legal process so that the officers of the Court may issue and serve process as required by 28 U.S.C. § 1915(d); and it is finally

ORDERED that the Clerk shall mail a copy of this Order to Plaintiff.

_____
ANNE E. THOMPSON, U.S.D.J.